IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOYCE ELBERSON,** | : CIVIL NO. 1:CV-06-2143 |
| **Plaintiff** | : |
| v. | : |
| **COMMONWEALTH OF PENNSYLVANIA, GOVERNOR'S OFFICE,** *et al.*, | : |
| **Defendants** | : |

## MEMORANDUM AND ORDER

Before the court is a civil rights complaint containing 637 paragraphs. The caption names approximately 60 defendants. Plaintiff has filed two other law suits in this court based on the same or similar allegations of racial discrimination in attempting to obtain employment with the Pennsylvania Department of Corrections.[1] Both previous suits were ultimately resolved by the grant of summary judgment in favor of the defendants. In the previous suits, the court advised Plaintiff that individual defendants have no liability under Title VII of the civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, nor under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §§ 951-963. She was further advised that state agencies

---

[1]Plaintiff's two previous law suits were assigned docket numbers 1:CV-99-2110 (Judge Kane) and 1:CV-03-1161 (Judge Rambo).

and the State were subject to immunity for certain claims under the Eleventh Amendment to the United States Constitution.

Many of the named defendants appear only in the caption with no allegations against them in the body of the complaint. In addition, some of the job applications which are the subject of the instant suit were addressed in the previous suits and therefore are either subject to *res judicata* or claim preclusion.

Rule 11 of the Federal Rules of Civil Procedure provides:

> (b) **Representations to Court**. By presenting to the court (whether signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances –
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

For the reasons noted above, this court believes that Rule 11(b) has been violated.

Pursuant to Rule 11(c)(B), **IT IS THEREFORE ORDERED THAT** Plaintiff shall respond to this court by November 21, 2006 why sanctions should not be imposed for violations of Rule 11(b).  In the alternative, Plaintiff may file an amended complaint no later than November 21, 2006, correcting the deficiencies of the complaint.[2]

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  November 2, 2006.

---

[2] The deficiencies noted in this memorandum and order may not be inclusive.