IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOYCE ELBERSON,** | : | Civil No. 1:06-CV-2143 |
| **Plaintiff,** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

For the third time,[1] Plaintiff Joyce Elberson has commenced a federal

lawsuit alleging that the Commonwealth and a number of state agencies[2]

discriminated against her on the basis of race in connection with her applications for

employment at several state corrections facilities.  The first two cases, which

concerned alleged discrimination from 1994 until 2003, resulted in judgment for

Defendants on all claims.  In this action, it is apparent that Plaintiff's counsel has

lifted the same allegations from Plaintiff's two previous complaints almost verbatim,

and deposited them into the instant complaint—a sixty-two page, 585 paragraph

laundry list which catalogues Plaintiff's unsuccessful quest for state employment

since 1993.  Counsel modified the current complaint only to add new legal theories

and defendants to the previous allegations and to include additional allegations

---

[1] Plaintiff previously filed two lawsuits, which were assigned docket numbers 1:CV-99-2110
(Judge Kane) and 1:CV-03-1161 (Judge Rambo), raising substantially identical claims to those listed in
the instant complaint.

[2] Defendants include the Commonwealth of Pennsylvania ("Commonwealth"), Governor's
Office ("GO"), Pennsylvania Office of Attorney General ("AG"), Pennsylvania State Civil Service
Commission ("CSC"), Pennsylvania Department of Corrections ("DOC"), the State Correctional
Institution at Huntingdon ("SCI-Huntingdon") and the State Correctional Institution at Smithfield ("SCI-
Smithfield").

stemming from incidents dating from 1993 and 1994, and a handful of undated new allegations.

Before the court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 12(b)(1).  (Doc. 15.)  Defendants argue that Plaintiff's claims must be dismissed for four reasons: most claims are barred by the doctrine of *res judicata* or Eleventh Amendment immunity; and the remaining claims are barred because the requisite statutes of limitation have run, and Plaintiff has failed to exhaust her administrative remedies prior to bringing suit.  For the reasons that follow, the motion to dismiss will be granted in part and denied in part.  Additionally, the court will address another issue not raised by the parties—the fact that Plaintiff's attorney, Mark S. Zearfaus, is not generally admitted to practice before the United States District Court in the Middle District of Pennsylvania, and has not sought special admission *pro hac vice* in this matter.

## I.        Background

Plaintiff alleges that Defendants have racially discriminated and retaliated against her by failing to hire her for thirty-two positions at a number of state corrections facilities.   This is Plaintiff's third case alleging racial discrimination by Defendants.

In 1999, Plaintiff brought suit against the Commonwealth, DOC, and SCI-Huntingdon alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fourteenth Amendment, and the Pennsylvania Human Relations Act ("PHRA") in connection with her numerous unsuccessful applications for employment from 1994 until 1999.  Plaintiff's Fourteenth Amendment and PHRA

claims were dismissed pursuant to 12(b)(6), and summary judgment was granted in Defendants' favor on Plaintiff's remaining Title VII claims.  Plaintiff appealed the judgment, which was affirmed by the Third Circuit Court of Appeals.

In 2003, Plaintiff brought suit against the Commonwealth, DOC, SCI-Huntingdon, SCI-Smithfield, and a number of individuals, alleging violations of Title VII, the First Amendment, the PHRA, 42 U.S.C. §§ 1981, 1983, 1985, and 1986.  Many of Plaintiff's 2003 claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and judgment was granted in Defendants' favor on the remaining claims pursuant to Rule 56.  On November 26, 2004, Plaintiff filed a notice of appeal.  The Third Circuit Court of Appeals dismissed the appeal on June 14, 2005 for failure to prosecute.

In the instant complaint, filed on November 1, 2006, Plaintiff alleges that she suffered discrimination or retaliation in connection with her applications to thirty-two different positions at various state agencies from 1993 through 2003, all in violation of the First and Fourteenth Amendments to the United States Constitution; Title VII; 42 U.S.C. §§ 1981 and 1983; and the PHRA.  (Doc. 4.) Plaintiff seeks only money damages, and not prospective injunctive relief.  The complaint initially named as Defendants the Commonwealth, a number of state agencies, and fifty-four individual defendants.  (Doc. 1.)  On November 2, 2006, the court issued an order to show cause why sanctions should not be imposed against Plaintiff under Federal Rule of Civil Procedure 11(b) and allowed Plaintiff to amend the complaint.  (Doc. 2.)  Plaintiff filed her amended complaint on November 20, 2006, omitting the fifty-four individual Defendants.  (Doc. 4.)  Upon amendment,

and on Plaintiff's representation that the current suit was based on "newly discovered" evidence, the court permitted the claim to proceed.  (Doc. 6.)

On May 21, 2007, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.  (Doc. 15.)  A brief in support thereof was filed the same day.  (Doc. 16.) Plaintiff filed a brief in response on June 5, 2007.  (Doc. 19.)  On June 27, 2007 Defendants filed a reply brief.  (Doc. 20.)  Thus the matter is ripe for disposition.

## II.        Legal Standards:  Motions to Dismiss

Defendants seek to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### A.        Lack of Subject Matter Jurisdiction – 12(b)(1)

" 'A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint.' " *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)).  The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996) (citing *Growth Horizons v. Delaware County*, 983 F.2d 1277, 1280-81 (3d Cir. 1993)).

### B.        Failure to State a Claim – 12(b)(6)

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965.

Additionally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Phillips v. County of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III.        Discussion**

Plaintiff alleges that Defendants discriminated against her through their hiring practices in violation of the First and Fourteenth Amendments to the United States Constitution; Title VII; 42 U.S.C. §§ 1981 and 1983; and the PHRA. Defendants argue that each of Plaintiff's claims are barred by one or all of the following four theories: (1) *res judicata*; (2) sovereign immunity; (3) the statue of limitations; and (4) failure to exhaust administrative remedies. Each argument will be addressed in turn.[3]

**A.    *Res Judicata***

Defendant seeks dismissal of all claims related to those litigated in the previous two cases. In her brief in response, Plaintiff argues for the first time that the claims should be permitted to go forward because they are based on "newly discovered" evidence. The court will review the doctrine of *res judicata* and examine the claims raised in Plaintiff's previous cases before addressing Plaintiff's claim of newly discovered evidence.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)). For a party to invoke *res judicata* in defense of an action against it, "that party must show that there has been '(1) a final judgment on the merits in a prior suit involving (2) the same parties

---

[3] The factual allegations in Plaintiff's complaint are organized by job. In this discussion each claim will be referred to by the job numbers listed in Plaintiff's complaint.

or their privies, and (3) a subsequent suit based on the same causes of action.'"

*Williams v. City of Allentown*, 25 F. Supp. 2d 599, 602 (E.D. Pa. 1998) (quoting

*United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)).  The

purpose of the doctrine is to prevent the relitigation of issues and claims already

decided by the court.  *See Montana v. United States*, 440 U.S. 147, 153 (1979).  It

serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve

judicial resources, and, by preventing inconsistent decisions, encourage reliance on

adjudication."  *Id.* at 153-54.

All three elements for *res judicata* are satisfied with respect to

Plaintiff's current claims based on the allegations litigated in the prior cases.  First,

there was a final judgment on the merits of the claims in both cases.  "[T]he law is

clear that summary judgment is a final judgment on the merits sufficient to raise the

defense of *res judicata* in a subsequent action between the parties."  *Hubicki v. ACF*

*Indust., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) (emphasis in original) (citations

omitted).  Likewise, "a dismissal for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6) is a judgment on the merits."  *Federated Dep't Stores, Inc.*

*v. Moities*, 452 U.S. 394, 399 n.3 (1981).  In the 1999 case, Plaintiff's Fourteenth

Amendment and PHRA claims were dismissed pursuant to 12(b)(6), and summary

judgment was granted in Defendants' favor on Plaintiff's Title VII claims.  All of

Plaintiff's 2003 claims were dismissed with prejudice pursuant to Fed. R. Civ. P.

12(b)(6) and on Defendants' motion for summary of judgment.  Thus all claims

brought in Plaintiff's prior two cases resulted in a final judgment on the merits in

favor of Defendants.

Additionally, both cases involved the same parties or their privies as the current action.  Here, the 1999 Defendants—the Commonwealth, DOC, and SCI-Huntingdon—were all named as Defendants in both the 2003 case and the instant case.  Plaintiff's 2003 suit also named SCI-Smithfield as a Defendant.[4]  The fact that the instant complaint names additional defendants, including the Office of the Attorney General, the State Civil Service Commission, and Governor's Office is of no moment.  Plaintiff *could have* named those additional Defendants in the earlier suit, but chose not to do so.  *See Avins v. Moll*, 610 F. Supp. 308, 316 (E.D. Pa. 1984).  Plaintiff is foreclosed from bringing suit against them at this late stage.

Finally Plaintiff's current claims are based on the same causes of action as in the previous two cases.  A cause of action is the same if the underlying events that give rise to the legal claims are essentially the same.  *See Gregory v. Chehi*, 843 F.2d 111, 117 (3d Cir. 1988); *accord Williams*, 25 F. Supp. 2d at 602; *see also Bd. of Trs. of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992) ("Courts should not apply this conceptual test mechanically, but should focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out the same occurrence in a single suit.") (quoting *Athlone Indus.*, 746 F.2d at 983-84).  Out of the total thirty-two jobs enumerated in the current action, fourteen of those jobs—numbered 7 through 20—are essentially the same as those plead in the 1999 complaint.  Additionally, Jobs 21 through 30 are based on causes of action already plead and adjudicated in the 2003 case.  Those same allegations, based on the same conduct, are repeated in the

---

[4]      Plaintiff's 2003 suit also included individual Defendants, who were originally named in this lawsuit, but were not named in Plaintiff's amended complaint.

8

instant case practically verbatim.  Thus all three elements for *res judicata* are satisfied with respect to Plaintiff's claims based on the allegations for Jobs 7-30.

Plaintiff argues that her claims are not barred by *res judicata* because her suit is based on the "newly discovered" evidence that at least one individual hired for at least one of the positions Plaintiff applied for was a dishonorably discharged veteran.   The doctrine of *res judicata* does not apply where a claim is based on newly discovered evidence either fraudulently concealed or which could not have been discovered through due diligence in the initial proceeding.  *See Borough of Landsdale v. PP & L, Inc.*, 426 F. Supp. 2d 264, 307 (E.D. Pa. 2006).

In support of this argument, Plaintiff alleges the following:

> In the prior lawsuit, the Plaintiff was adamant that at least one individual was illegally given veteran's preference and the benefit of an Honorable Discharge from the Army when in fact the Plaintiff claimed he was not honorably discharged from the Army.  The information received from the Defendants' (sic) was that this individual was Honorably discharged.  The Plaintiff, through her own investigation and numerous calls to the National Personnel Records Center in St. Louis, Missouri, has learned that this individual is in fact a dishonorably discharged veteran.  Plaintiff believes that the Defendants' fraudulently concealed this and other evidence of the wrongdoing of the Department of Corrections.

(Doc. 19 at 5.)

These unspecified and unsupported allegations do not persuade the court that *res judicata* should not apply to her previously litigated claims.  Plaintiff does not identify the individual she alleges was dishonorably discharged, or the job that she believes this person wrongly received.  Without specifying the individual or positions involved, the court has no way to determine which of the twenty-four previously litigated claims Plaintiff believes should now go forward.  Additionally, even if the court were to accept Plaintiff's unsupported allegation that this unknown

individual wrongfully received a veteran's preference—which the court does
not—Plaintiff offers no evidence that Defendants were aware of this fact, or
wrongfully concealed it.  Indeed, in their reply brief, Defendants attach copies of
certificates of honorable discharge for two individuals named in the complaint.  (*See*
Doc. 20 Exs. A, B.)  The court has no reason to believe that Defendants fraudulently
concealed any evidence from Plaintiff.

Most important, however, is Plaintiff's own admission that "[i]n the
prior lawsuit, [she] was adamant" about the allegedly illegal veteran's preference.
(Doc. 19 at 5.)  If Plaintiff did know or had reason to believe of this alleged
discrepancy in the prior suit, she had the obligation to investigate and raise that issue
then.  *See Borough of Landsdale*, 426 F. Supp. 2d at 307-08; *L-Tec Elecs., Corp. v.
Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (evidence could have been
discovered in an earlier suit).  Apparently all it took was a phone call by the Plaintiff
for her to uncover this alleged fraud.  Plaintiff has offered no explanation for why
this information could not have been discovered earlier by due diligence.
Accordingly, all of Plaintiff's previously litigated claims relating to Jobs 7-30 in the
amended complaint are barred by *res judicata* and will be dismissed.

### B.   Remaining Claims

Remaining are claims related to Jobs 1-6, 31, and 32 in Plaintiff's
complaint.  Defendant argues that these claims are barred by Eleventh Amendment,
Plaintiff's failure to exhaust administrative remedies, and the expiration of the
relevant limitations periods.  These arguments will be addressed in turn.

## 1. Eleventh Amendment

The law is clear that "[a]bsent consent to suit in federal court, or an express statutory waiver, the Eleventh Amendment bars a suit in federal court by a citizen of a state against that state or one of its agencies." *Bland v. New York*, 263 F. Supp. 2d 526, 534 (E.D.N.Y. 2003) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).  There are only three exceptions to Eleventh Amendment immunity where a citizen may bring suit against a state in federal court: (1) the citizen seeks only prospective injunctive relief rather than money damages, *Ex parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); (2) the state has waived its immunity and consented to be sued, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999); or (3) Congress has authorized such a suit through the exercise of its power to enforce the Fourteenth Amendment, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 448 (1976).

Here, Plaintiff's claims against the Commonwealth and a number of its agencies pursuant to the First and Fourteenth Amendments, and 42 U.S.C. §§ 1981 and 1983 are barred by the Eleventh Amendment.  Plaintiff seeks only money damages, and Pennsylvania has not waived its Eleventh Amendment immunity and consented to suit for these claims.  *See* 42 Pa. Con. Stat. Ann. § 8521(b); *see also Sandoval v. Dep't of Motor Vehicles of NY*, 333 F. Supp. 2d 40, 42-43 (E.D.N.Y. 2004) (Eleventh Amendment bars suits for money damages against a state pursuant to §§ 1981 and 1983); *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Pikulin v. City Univ. of NY*, 176 F.3d 598, 600-01 (2d Cir. 1999).  Plaintiff's PHRA claims are also barred because although Pennsylvania has waived its sovereign immunity for PHRA

11

claims by its citizens in state court, *see Mansfield State Coll. v. Kovich*, 407 A.2d 1387, 1388 (Pa. Cmmw. Ct. 1979), it has not done so for PHRA suits in federal court. *See Williams v. Pa. Police Bureau of Liquor Control Enforcement*, 108 F. Supp. 2d 460, 465 (E.D. Pa. 2000).

On the other hand, Plaintiff's Title VII claims are not barred by the Eleventh Amendment. Congress expressly authorized Title VII suits against states pursuant to its enforcement power under the Fourteenth Amendment. *See Fitzpatrick*, 427 U.S. at 448; *see also Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 729 (2003) (holding that it was Congress's clear intent in 42 U.S.C. § 2000e-2(a) to abrogate state immunity for Title VII claims).

Thus all of Plaintiff's remaining claims—apart from those brought pursuant to Title VII—will be dismissed with prejudice pursuant to 12(b)(1) because amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## 2. **Title VII**

Defendants argue that all of Plaintiff's remaining claims pursuant to Title VII should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because Plaintiff has failed to timely exhaust her administrative remedies. A complaint fails to state a claim upon which relief may be granted "unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [ ] for conciliation or resolution." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (citing *Hornsby v. United States*, 787 F.2d 87, 90 (3d Cir. 1986)).

Prior to bringing a Title VII claim in federal court, an employee must first exhaust administrative remedies by filing a charge of discrimination with the

EEOC within 300 days of the alleged discrimination.  42 U.S.C. § 2000e-5(e)(1).
After the charge is filed, the EEOC has 180 days to investigate the complaint and
attempt to resolve the dispute.  § 2000e-5(b).  Upon expiration of the 180 days, the
employee has the right to bring suit in federal court, or wait for the agency to
complete its investigation and issue a "right to sue" letter entitling the plaintiff to
bring suit.  § 2000e-5(f)(1).  Once a "right to sue" letter has been issued, a plaintiff
must bring suit in federal court within 90 days on those claims.  § 2000e-5(f).

In the instant case, Plaintiff does not specifically state the steps taken to
exhaust administrative remedies with respect to Jobs 1-6, 31, and 32.  Instead, her
complaint recites the following:

> Joyce Elberson has satisfied all of the procedural and administrative
> requirements set forth in Title VII.  Joyce Elberson filed timely charges
> with the EEOC and the PHRC.

(Doc. 4 ¶ 558.)

Despite this recitation, Jobs 1-3 will be dismissed pursuant to Fed. R.
Civ. P. 12(b)(6) because it is apparent that Plaintiff has not complied with the
administrative prerequisites to suit under Title VII, and that these claims are time-
barred.  Job 1 concerns a position posted on March 10, 1993 that remained unfilled
until April 1994.  (*See* Doc. 4 ¶ 28.)  Jobs 2 and 3 describe repostings of the same
position from Job 1 on later dates in 1994.  Given that all three positions were
posted more than thirteen years ago, it is inconceivable that these claims could
possibly be timely under Title VII.

Jobs 4-6, 31, and 32 present a closer case because none of these
allegations includes a date.  However, because Plaintiff's complaint appears to be
ordered chronologically, the court strongly suspects that Jobs 4-6 are also time-

barred.  Job 7 was posted in 1996, and as discussed above, Job 3 was posted in 1994.  Thus it appears that Jobs 4-6 were posted between 1994 and 1996, and once again it seems unlikely that twelve year old claims could possibly be timely.  However, because Plaintiff's complaint is poorly drafted and contains the recitation of timeliness and exhaustion, the court will give Plaintiff the benefit of the doubt with respect to these claims.  On the other hand, Jobs 31 and 32 follow allegations from jobs posted around 2003.  Although Plaintiff does not specify steps taken to exhaust these claims, it is possible that they could be timely.  Given that Plaintiff has alleged timely exhaustion and the court cannot determine from the face of the complaint whether these claims have not been exhausted, the court will not dismiss the claims based on Jobs 4-6, 31, and 32 at this time.

In sum, Plaintiff's Title VII claims arising out of Jobs 1-3 will be dismissed as untimely, and claims related to Jobs 4-6, 31 and 32 will survive.  However, because Plaintiff's counsel, Mark S. Zearfaus, has previously professed his ignorance of federal law and procedure as an excuse for his failure to comply with the Federal Rules of Civil Procedure and this court's local rules (*See, e.g.*, 03-CV-1161, Doc. 39), and because the court strongly suspects that the surviving Title VII claims are either untimely or unexhausted, the court will take this opportunity to remind counsel once again of his ongoing professional obligations pursuant to Fed. R. Civ. P. 11, which provides in pertinent part:

> (b)  Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*:

    (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2)    *the claims, defenses, and other legal contentions are warranted by existing law* or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3)    *the factual contentions have evidentiary support* or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4) (emphasis added). Counsel has represented to this court in both the complaint and the brief in response to Defendants' motion to dismiss, that Plaintiff has fully exhausted her administrative remedies for all of her claims.[5] If in fact, Plaintiff's counsel had no reasonable belief, formed after a reasonable inquiry, for that factual contention, he risks the imposition of sanctions by this court pursuant to Rule 11 for making such a representation to this court.

### C.   Admission of Attorney Mark S. Zearfaus

It has recently come to the court's attention that Plaintiff's attorney, Mark S. Zearfaus, is not admitted to practice in the United States District Court for the Middle District of Pennsylvania, and he has not sought special admission to practice in this matter.

"In order to practice in this court, an attorney must be admitted to practice under these rules." M.D. Pa. Loc. R. 83.8. An attorney who is not

---

[5] As discussed above, before a Title VII claim may be brought in federal court, a Plaintiff must properly exhaust her administrative remedies with respect to all claims by (1) submitting a charge of discrimination to the EEOC within 300 days of the alleged discriminatory conduct, (2) waiting for the agency to investigate and attempt conciliation, (3) receiving a right to sue letter from the agency, and (4) commencing an action in federal court within 90 days of the receipt of a right to sue letter.

generally admitted to practice must petition the court for special admission before entering an appearance in a case. M.D. Pa. Loc. R. 83.8.2.5. An attorney may seek admission *pro hac vice* for the purpose of a particular case where that attorney establishes that he is "admitted to practice in any United States District Court and the highest court of any state . . ." M.D. Pa. Loc. R. 83.8.2.1. Additionally, an attorney admitted *pro hac vice* must, in every proceeding, have associate counsel who is generally admitted to practice before this court also enter an appearance in that matter and that associate counsel must be served with all pleadings, and motions filed in the matter. M.D. Pa. Loc. R. 83.9.

The court finds no record of Mark S. Zearfaus among the roll of attorneys generally admitted to practice in this court. *See* M.D. Pa. Loc. R. 83.12. Additionally, there is no record of Mr. Zearfaus petitioning the court for special admission *pro hac vice* in this matter. Nevertheless, Mr. Zearfaus has entered his appearance in this case by signing his name to the complaint. *See* M.D. Pa. Loc. R. 83.14. In the previous case, filed in 2003, Mr. Zearfaus entered an appearance and belatedly petitioned this court for special admission, which was granted for that matter only. However, he did not file a new petition for admission *pro hac vice* in this matter. Even if he had sought special admission, it would not have been granted unless Mr. Zearfaus had associated with counsel generally admitted to practice in this court. No other attorney has entered an appearance in this matter to represent Plaintiff. Accordingly, at present Mr. Zearfaus cannot meet the requirements for special admission in this matter.

The court will grant Plaintiff 30 days to secure counsel admitted to practice in this court, or proceed *pro se* on her remaining claims. Mr. Zearfaus must

either successfully petition for special admission *pro hac vice* by complying with all requirements set forth in the local rules, or withdraw from this matter and assist Plaintiff in obtaining new counsel.  Withdrawal does not relieve Mr. Zearfaus of his professional obligations to his client or to this court pursuant to Rule 11.

**IV.**          <u>**Conclusion**</u>

For the reasons stated above, the court will grant Defendants' motions to dismiss all of Plaintiff's claims related to Jobs 7-30 as barred by *res judicata*. Additionally all claims pursuant to the First and Fourteenth Amendment, 42 U.S.C. §§ 1981 and 1983, and PHRA are barred by the Eleventh Amendment and will be dismissed.  Plaintiff's Title VII claims related to Jobs 1-3 are dismissed as time-barred.  The only claims that survive are those arising out of Jobs 4-6, 31, and 32. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  March 31, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOYCE ELBERSON** | : | **Civil No. 1:06-CV-2143** |
| **Plaintiff,** | : | |
| **v.** | : | **JUDGE SYLVIA H. RAMBO** |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

**IT IS HEREBY ORDERED THAT**:

(1)  Defendants' motion to dismiss (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(a)  The motion is **DENIED** as to Title VII claims arising out of Jobs 4-6, 31, and 32;

(b)   The motion is **GRANTED** in all other respects.  All claims upon which the motion has been granted are **DISMISSED WITH PREJUDICE** because amendment would be futile.

(2)  Plaintiff is granted 30 days to either secure counsel admitted to practice before the United States District Court for the Middle District of Pennsylvania, or proceed in this matter *pro se*.

(3)  A case management order will issue after Plaintiff has obtained counsel or decided to proceed *pro se*.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  March 31, 2008.