IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JOYCE ELBERSON,**     :     Civil No. 1:06-CV-2143
                        :
        **Plaintiff,**     :
                        :     **JUDGE SYLVIA H. RAMBO**
        **v.**     :
                        :
**COMMONWEALTH OF**     :
**PENNSYLVANIA, et al.,**     :
                        :
        **Defendants.**     :

# M E M O R A N D U M

Before the court are three motions by Plaintiff: (1) a motion for reconsideration; (2) an amended motion for reconsideration; and (3) a motion for discovery.   For the reasons that follow, these motions will be denied.

## I.      Background[1]

Plaintiff brought suit against the Commonwealth and a number of its agencies and officers pursuant to Title VII and various other statutes, alleging that Defendants discriminated against her by failing to hire her for 32 different positions at a number of corrections facilities from 1993 until some unspecified date.  This is her third suit raising such claims.  The previous suits resulted in dismissal on the merits.  Defendants filed a motion to dismiss the complaint in this action, arguing that most claims were barred by *res judicata* and the Eleventh Amendment, and the remaining claims were untimely filed.  (Doc. 15.)  In a memorandum opinion and order dated March 31, 2008, this court granted in part and denied in part Defendants' motion to dismiss.  (Doc. 26.)  All claims arising out of Jobs 7-30 were

---

[1] The relevant facts are set forth in the court's memorandum opinion of March 31, 2008 and need not be repeated here.

dismissed as barred by *res judicata* and the court rejected Plaintiff's claims of newly-discovered evidence.  All remaining claims apart from those pursuant to Title VII were dismissed as barred by the Eleventh Amendment.  Additionally, the remaining Title VII claims arising out of Jobs 1-3 were dismissed as time-barred.  In sum, all of Plaintiff's claims except her Title VII claims arising out of Jobs 31 and 32 were dismissed with prejudice.

On April 10, 2008, Plaintiff filed[2] a series of documents that the court deemed to be a motion for reconsideration.  (Doc. 27.)  Included within Plaintiff's motion for reconsideration was a request for additional discovery regarding Plaintiff's claims of newly-discovered evidence.  On April 28, 2008, Plaintiff submitted an amended motion for reconsideration.  (Doc. 30.)  On May 2, 2008, Defendants filed a brief in response to Plaintiff's motion for reconsideration urging the court to affirm its previous decision.[3]  (Doc. 32.)  Plaintiff filed her reply on May 6, 2008.  (Docs. 35, 36.)  Thus, the motions have been fully briefed and are ripe for disposition.  For the reasons that follow, the motions will all be denied.

---

[2] Plaintiff was previously represented in this matter by Attorney Mark S. Zearfaus, who is not currently admitted to practice before the United States District Court of the Middle District of Pennsylvania.  Mr. Zearfaus was given until April 30, 2008 to successfully petition for admission, but he was stricken from the case when he failed to secure admission by that date.  (*See* Doc. 33.)  Accordingly, Plaintiff is currently proceeding *pro se* in this matter.

[3] Defendants also ask the court to dismiss Plaintiff's remaining Title VII claims arising out of Jobs 31 and 32 for failure to plead exhaustion.  However, as the court previously explained, Plaintiff states in her complaint that all claims were fully and properly exhausted.  The documents Defendant now points to in support of its argument that those claims were not exhausted are outside the pleadings, and thus cannot be considered by the court in ruling on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## II.        **Discussion**

The court will first address Plaintiff's motions for reconsideration before turning to her motion for additional discovery.

### A.        **Reconsideration**

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[4] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations

---

[4]Plaintiff does not specify the Federal Rule of Civil Procedure under which she is moving. When a Plaintiff files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

omitted*)*.  Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment.  *McDowell Oil Serv. Inc*., 817 F. Supp. at 541.  Finally, "[r]econsideration of judgment is an extraordinary remedy[, and] such motions should be granted sparingly."  *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## 1.   Plaintiff's Motions for Reconsideration

In her motions for reconsideration, Plaintiff requests that the court reconsider the dismissal of her Title VII claims arising out of Jobs 9, 17, 18, and 21-30 for two reasons.[5]  First, she alleges that those claims were properly and timely exhausted under Title VII.  (*See* Doc. 27 at 3.)  However, the timeliness of those claims is irrelevant—they were dismissed as barred by *res judicata* because they were all previously litigated, not because they were untimely.

Second, with respect to the dismissal of claims barred by *res judicata*, Plaintiff once again renews her argument that at least some of these claims were based on newly discovered evidence, and thus were not barred by *res judicata*.  (*Id.* at 71.)  On this motion for reconsideration, Plaintiff bears the burden of presenting newly discovered evidence of newly discovered evidence or the need to correct a clear error of law.  However, Plaintiff only identifies a single piece of evidence which she claims was newly discovered since the court's order of March 29, 2008.  That evidence is an unverified handwritten transcript of a conversation between Plaintiff's husband and Marie Brown, a Department of Corrections employee, in

---

[5] Plaintiff also seeks reconsideration of her Title VII claims arising out of Jobs 31 and 32. However, those claims were not in fact dismissed. Thus the court will confine its discussion to Jobs 9, 17, 18, and 21-32.

which Marie Brown allegedly admitted that she was directed to lie in a previous deposition.  Plaintiff further alleges that Marie Brown stated that other Department of Corrections officials told her that Plaintiff would never be hired as a result of her lawsuits.  However, Plaintiff goes on to explain that Ms. Brown refuses to verify these statements or sign an affidavit attesting to their veracity.  These bare allegations lack credibility, and more important, they are irrelevant to the issue of whether Plaintiff had acquired newly discovered evidence.  Furthermore, even if true or relevant, Plaintiff offers no explanation for why this evidence could not have been discovered earlier through the exercise of due diligence.  Thus Plaintiff has presented no newly discovered evidence that she had newly discovered evidence relevant to the 2003 litigation, such that the court's March 31 order should be reconsidered.

Instead, Plaintiff attempts to rehash old arguments previously raised in the 2003 and the instant litigation, without identifying any clear error of law that needs to be corrected.  Plaintiff again claims that an individual allegedly received an unearned veteran's preference.  The court has already twice considered and rejected this argument, and will not entertain it for a third time.  Plaintiff also resurrects her argument that because the orders dismissing Plaintiff's prior cases did not all state that they were dismissed "with prejudice," she is free to relitigate them again.  However, *res judicata* bars relitigation of claims dismissed on the merits, and there can be no doubt that Plaintiff's previous two cases were dismissed on the merits.  Nor does the fact that the court generously declined to initially dismiss Plaintiff's complaint and impose sanctions pursuant to Rule 11 mean that *res judicata* cannot apply.  The court only permitted Plaintiff's case to proceed on the basis of her claim

of "newly discovered" evidence, an argument that later proved to be without merit. In sum, Plaintiff's arguments are no more than an attempt to reargue legal issues that were settled by this court in its March 31 order. Accordingly, Plaintiff's motions for reconsideration will be denied, and the court will not permit any further motions for reconsideration of the dismissal of these claims.

## B. **Motion for Additional Discovery**

Discovery in this case was stayed pending the resolution of Defendants' motion to dismiss. (*See* Doc. 23.)  Plaintiff now seeks an order compelling Defendants to comply with her discovery requests, which appear to be related to her request for reconsideration of the dismissal of her claims barred by *res judicata*.  In particular, Plaintiff seeks to depose Deputy Assistant Attorney General Sarah Yerger and Terry Lightner, and she seeks Mr. Lightner's military records and other unspecified documents previously requested.  Notably, Plaintiff made these specific requests only *after* her claims were dismissed.  The court deferred ruling on this motion until it received Defendants' response to the motion for reconsideration. These requests will now be denied.

In support of her motion, Plaintiff asserts that Terry Lightner improperly received a veteran's preference for a position at the Department of Corrections, when in fact he was dishonorably discharged.  According to Plaintiff, she learned of his alleged dishonorable discharge through a telephone call to the National Personnel Records Center.  However, that telephone call is the sole basis for Plaintiff's belief and she has been unable to obtain any additional documentation of his military discharge status.  Plaintiff alleges that members of the Attorney General's Office were aware of the wrongful preference given to Mr. Lightner and

fraudulently concealed this information.  As discussed above, this claim was thoroughly litigated in the 2003 case, and again addressed on Defendants' motion to dismiss.  Plaintiff could have raised this issue and conducted the relevant discovery previously.  At this late stage the court will not permit Plaintiff to conduct a fishing expedition for evidence to support her already tenuous claim.

### C.    Submission of Documents to This Court

A further matter which the court must address is Plaintiff's submission of multiple voluminous and repetitious documents to this court, some typewritten and others handwritten.  In filing motions and briefs to this court, parties are required to organize their arguments into a single document.  Additionally, Local Rule 7.8 limits the length of supporting briefs to 15 pages.  From this point forward, Plaintiff is directed to submit only a single integrated brief or motion in compliance with the court's local rules, and if multiple documents are received, the court will only consider the first one to be docketed.

### III.       Conclusion

For the reasons stated above, Plaintiff's motions for reconsideration and for additional discovery will be denied, and Plaintiff is directed to submit only one document at a time to this court and comply with the court's local rules.  The only claims remaining are Plaintiff's Title VII claims arising out of Jobs 31 and 32.  No further motions for reconsideration of any of the dismissed claims will be entertained.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: May 8, 2008.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOYCE ELBERSON,** | : | Civil No. 1:06-CV-2143 |
| **Plaintiff,** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

(1)    Plaintiff's motions for reconsideration (Docs. 27 and 30) are **DENIED**;

(2)    Plaintiff's motion for additional discovery (Doc. 24) is **DENIED**;

(3)    Plaintiff shall submit all future filings in compliance with the court's local rules;

(4)    Plaintiff's Title VII claims pursuant to Jobs 31 and 32 are the only remaining claims in this action;

(5)    No further motions for reconsideration will be entertained; and

(6)    A new case management order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: May 8, 2008.