IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOYCE ELBERSON,** | : | Civil No. 1:06-CV-2143 |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA, GOVERNOR'S OFFICE,** *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

## I.  INTRODUCTION

Before the court are the parties' cross-motions for summary judgment. (Docs. 50, 52.) The parties have briefed the issues, and the motions are ripe for disposition.

## II.  BACKGROUND

The background of this case is unnecessarily long, although not all that complex, and has been thoroughly laid out in previous memoranda issued by this court. (Docs. 26, 37.) Plaintiff's amended complaint, filed November 20, 2006,

alleges thirty-two instances where Defendants[1] failed to hire Plaintiff for discriminatory reasons. (Doc. 4.) On March 31, 2008, the court issued a memorandum and order dismissing, with prejudice, all counts except for those relating to counts thirty-one and thirty-two in the complaint. (Doc. 26.) On May 5, 2008, the court denied Plaintiff's motions for reconsideration and reiterated that only counts thirty-one and thirty-two remain in the case. (Doc. 37.) With regard to these two counts, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1994) ("Title VII"), as well as allegations under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, all due to her not being hired for two positions with the Department of Corrections.

On February 17, 2009, both parties filed cross-motions for summary judgment, and subsequently briefs in support were filed. (Doc. 50, 52.) On March 6, 2009, Defendants filed a brief in opposition to Plaintiff's motion for summary judgment. (Doc. 60.) No other responses have been filed by either party.

---

[1] Plaintiff's original complaint named not only various Government agencies, but also fifty-four individual Defendants. Plaintiff's amended complaint removed the individual Defendants. The remaining Defendants in this case are- The Commonwealth of Pennsylvania Governor's Office, the Pennsylvania Office of the Attorney General, the State Civil Service Commission, Department of Corrections generally, and SCI- Smithfield and SCI- Huntington specifically.

## III. Facts

Plaintiff claims that Defendants failed to hire her to two positions at the State Correctional Institutions ("SCI") located in Huntington and Smithfield. Plaintiff claims that the positions were open in 2003 and 2004. It should be noted that it is less than clear whether Plaintiff actually applied for jobs in 2003 and 2004. However, this fact is immaterial as this court finds that even if she applied Plaintiff failed to exhaust her administrative remedies. Plaintiff's complaint is mum with regard to any dates in connection with claims thirty-one and thirty-two. The court accepts Defendants' statement of the 2003/2004 dates as true as they are not disputed by Plaintiff and Plaintiff's own documentation fails to state any time-line. (Doc. 55, ¶¶ 58-60; *see* Doc. 58.) Plaintiff claims that, despite her qualifications, she was not hired by the Department of Corrections because of her race.[2] (Doc. 56, at 3.) Defendants assert that Plaintiff failed to file an EEOC charge with regard to the job openings in 2003 and 2004. Defendant cites to the fact that no EEOC filings have been submitted since a November 20, 2003 EEOC complaint that covered allegations of discrimination regarding positions which were filled in October 2002. (Defs.' Statement of Material Facts, Doc. 55, ¶¶ 56-

---

[2] Because the court finds that Plaintiff has failed to exhaust her administrative remedies as to these claims, the facts behind her alleged applications will not be repeated. Suffice it to say that there is great confusion surrounding when, or even if, she applied to these positions and neither Plaintiff's motion or the attachments thereto do much to clarify the matter.

57.) Plaintiff's only reply to this fact is her mistaken belief that she did not have to file her later claims with the EEOC. (Pl.'s Resp. to Defs' State of Material Facts, Doc. 58, ¶ 57.) Plaintiff does not refute that she did not file an EEOC complaint with regards to claims thirty-one and thirty-two.

IV. **Legal Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply

sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

The court is permitted to resolve cross-motions for summary judgment concurrently. *InterBusiness Bank, N.A. v. First Nat'l Bank of Mifflintown*, 318 F.Supp.2d 230, 235 (M.D.Pa. 2004) (describing concurrent resolution of cross-motions for summary judgment as "a formidable task"); 10A Charles Alan Wright *et al.*, Federal Practice and Procedure § 2720 (3d ed. 1998). When doing so, the court is bound to view the evidence in the light most favorable to the non-moving party with respect to each motion. Fed. R. Civ. P. 56; *Raymond*

*Proffitt Found. v. U.S. Envtl. Prot. Agency*, 930 F. Supp. 1088, 1096 (E.D. Pa. 1996).

V.      **Discussion**

Plaintiff's concise, but substantively void, brief raises three arguments for why summary judgment should be granted in her favor. First, Plaintiff claims that as a matter of law, she should prevail on her Title VII claims because she was discriminated against on the basis of her race, and Defendants have supplied no legitimate nondiscriminatory reason for failing to hire her. Second, Plaintiff claims that Defendants intentionally discriminated against her in violation of 42 U.S.C. §§ 1981 and 1983. And third, Plaintiff claims she is entitled to judgment in her favor because there was a conspiracy to discriminate against her by the Department of Corrections and the State Civil Service Commission.

Defendants maintain that Plaintiff's claims are not properly before this court because Plaintiff did not exhaust her administrative remedies when she failed to file an EEOC claim regarding claims thirty-one and thirty-two. Defendants also argue that the Pennsylvania Governor's Office, the Attorney General and the Civil Service Commission are not "employers" of Plaintiff, and therefore her Title VII claims cannot be brought against them. Finally, Defendants address the merits of each of Plaintiff's claims explaining how they fail because in one instance Plaintiff

could not have applied for a position, and in the other she voluntarily waived application for the position.

Because the court finds that Plaintiff has failed to exhaust her administrative remedies with regard to her Title VII claims and because Plaintiff's §§ 1981, 1983, 1985 and 1986 claims have already been dismissed by this court, the court will grant summary judgment in favor of Defendants, and deny Plaintiff's motion for summary judgment.

**a. Exhaustion**

Plaintiff failed to exhaust her administrative remedies with regard to allegations thirty-one and thirty-two.[3] Before bringing a Title VII claim in federal court, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Webb v. City of Philadelphia*, 562 F.3d 256, 262 (3d Cir. 2009). "The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Id.* (citing *Antol v. Perry*, 82 F.3d 1291,

---

[3] Notably, although Plaintiff was informed through this court's March 31, 2008 memorandum dismissing the thirty other counts, that Plaintiff needed to explain how she had exhausted her administrative remedies, nowhere in Plaintiff's eight-page brief is exhaustion even so much as touched upon. Arguably, any defenses to administrative exhaustion are therefore waived. However, as it is clear from the record that no EEOC filings were made with regard to these claims, the court will address the issue.

1296 (3d Cir. 1996)) (internal citations omitted). An aggrieved party is not allowed "to bypass the administrative process" by taking the fast-lane into federal court without first filing an action with the EEOC. *Id.* at 263.

Plaintiff here failed to exhaust her administrative remedies. Although silent on the point in her brief in support of her summary judgment motion, Plaintiff stated in her deposition that she did file EEOC charges and had obtained right-to-sue notices for each instance. However, when asked for documentation, Plaintiff was unable to produce such evidence. (Doc. 55-3, at 62-63.) In Plaintiff's statement of material facts, it is claimed that Plaintiff "did not need to make any more filings since all of her complaints were similar in nature that the DOC did not hire her due to her racial discrimination." (Doc. 57, ¶ 167.) However, in the previous paragraph Plaintiff states that she timely filed all her complaints with EEOC. (Doc. 57, ¶ 166.) The document Plaintiff claims tells her she does not have to file charges of discrimination with the EEOC, says no such thing. Plaintiff's Exhibit Q is a series of three letters sent from the EEOC. The first is dated December 9, 2003, and explains that her EEOC questionnaire was being returned because the issues had already been addressed in a previous complaint- these allegations surrounded Plaintiff's failure to be hired by SCI-Huntington in October of 2002. (Docs. 55-13 & 57-12, at 2 of 5.) The second is a similar letter dated March 3, 2004, and states that Plaintiff's questionnaire is being returned

because it is "a duplicate of an allegation already alleged in previous charge filings." (Doc. 57-12, at 4 of 9.) The letter does not specify which charges it is referring to and Plaintiff provides no additional evidence to enlighten the court on the matter. The third document is a letter from EEOC dated January 30, 2004, and explains that a case from 2000, the October 2002 case referenced above, and another 2002 case involving SCI-Smithfield had all been dismissed because an action was pending in federal court dealing with the exact same issues.[4]

Thus, it appears from the record that the last charge filed with EEOC was on November 20, 2003, and concerned discrimination which Plaintiff claims occurred when she was not hired in October of 2002 for a position at SCI- Smithfield. (Doc. 55-12.) The claims before the court relate to acts which occurred in 2003 and 2004, well after the last alleged act of discrimination filed with the EEOC. These letters do not support the proposition that Plaintiff need not file a complaint with the EEOC for discrete instances of discrimination that she alleges occurred in 2003 and 2004. To the contrary, the letters deal with instances that previously had been with the EEOC but no longer were in that administrative forum. Any new claims that Plaintiff had for alleged instances of discrimination post-2002 should

---

[4] Plaintiff only provided the first page of this multi-paged letter and the court is unclear as to what else the letter relayed to Plaintiff.

have been filed with the EEOC. 42 U.S.C. § 2000e-5(e)(1). Because Plaintiff did not file her claims with the EEOC, they fail as a matter of law.[5]

Plaintiff in this case has already been warned that she must produce some evidence that she followed through with the administrative process (*see* Memo. and Order, Doc. 26, at 14), Plaintiff has failed to do so and has even admitted she did not file charges with the EEOC. Plaintiff is intimately aware of the administrative process required for employment discrimination claims, (Doc. 55-3, at 13 of 17), and failed to follow through with them with regards to claims thirty-one and thirty-two. Because Plaintiff failed to exhaust her administrative remedies, summary judgment for Defendants will be granted and Plaintiff's motion will be denied.[6]

---

[5] There is no genuine issue of material fact in this case with regards to whether or not Plaintiff in fact filed with the EEOC and therefore this is a legal question which may properly be decided on a motion for summary judgment. Plaintiff was required to file her count thirty-one and thirty-two claims with the EEOC. Plaintiff's mistaken belief that she was not required to file with the EEOC does not excuse her conduct. Even if the court were to take all of Plaintiff's racial discrimination allegations as true, because she failed to exhaust her administrative remedies, her claims fail as a matter of law.

[6] From the documents before the court, it seems unlikely that Plaintiff would prevail on the merits of her claims even if she had exhausted her administrative remedies. Plaintiff's brief in support of her motion for summary judgment states:
> Plaintiff is a member of a racial minority group. She was on the Civil Service List for the jobs in question . . . Plaintiff was qualified for those jobs. Plaintiff did not get either one of those jobs and the employer hired someone else to fill those positions. This is the Plaintiff's *prima facie* evidence of discrimination.

This is not evidence, nor does Plaintiff cite to anything in the record or even allege that she so much as *applied* to these positions. Plaintiff cannot merely recite the elements of a cause of action and expect to prevail on a motion for summary judgment without *some* sort of admissible evidence to support the claim. *Saldana*, 260 F.3d at 232 (stating that there must be more than a

### b. Remaining Claims

Plaintiff's claims under 43 U.S.C. §§ 1981, 1983, 1985 and 1986, have already been dismissed by this court and the merits will not again be addressed. (Doc. 26.) Plaintiff's motion as to these claims is denied.

An appropriate order follows.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: October 29, 2009.

---

scintilla of evidence to support claims).
      Plaintiff's brief in support of her motion is nothing more than a compilation of conclusory statements without citations to the record. Likewise, most of Plaintiff's statement of "undisputed facts" fail to find support in the record. Although the court is willing to view the facts in the light most favorable to the Plaintiff, the court is not in the habit of fashioning rebuttal arguments in lieu of Plaintiff actually filing briefs or admissible evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOYCE ELBERSON,** | : | Civil No. 1:06-CV-2143 |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA, GOVERNOR'S OFFICE,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion for summary judgment, (Doc. 50), is **GRANTED**.

2) Plaintiff's motion for summary judgment, (Doc. 52), is **DENIED**.

3) The clerk of court is directed to enter judgment for Defendants and against Plaintiff, and close the case.

                                                         s/Sylvia H. Rambo
                                                   United States District Judge

Dated: October 29, 2009.